[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2005
THOMAS K. KAHN
CLERK

No. 04-10048
Non-Argument Calendar

_____

D. C. Docket No. 03-00306-CR-CO-NE

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE RODRIQUEZ REYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(August 11, 2005)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Jorge Rodriquez Reyes appeals his convictions for possession with intent to distribute more than 50 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)1(B)(viii), and conspiring to distribute more than 500 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. § 841(a).  Reyes asserts the district court erred in denying his motion for judgment of acquittal because there was insufficient evidence to support his convictions.  Reyes does not claim the Government failed to produce evidence on any element of the offenses; rather, he contends the testimony of the co-conspirators was not credible, was unbelievable on its face, and that under no construction of the evidence could the jury have found Reyes guilty beyond a reasonable doubt.

We review the sufficiency of the evidence de novo, viewing the evidence and all reasonable inferences in favor of the government and the jury's verdict. *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005).  Reyes's conviction must be affirmed unless, under no reasonable construction of the evidence, could the jury have found him guilty beyond a reasonable doubt. *Id*.

"Credibility determinations are the exclusive province of the jury." *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997).  "For testimony of a government witness to be incredible as a matter of law, it must be unbelievable on

2

its face." *Id*. (internal quotations and citation omitted). "It must be testimony as to facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." *Id*. (quotations and citation omitted). Moreover, judgment of acquittal is not required "because the government's case includes testimony by 'an array of scoundrels, liars, and brigands'." *United States v. Hewitt*, 663 F.2d 1381, 1385 (11th Cir.1981) (citation omitted).

Reyes's arguments with respect to the inconsistency and incredibility of the witnesses are without merit. By their verdict, the jury found the testimony of the Government's witnesses credible. *See Calderon*, 127 F.3d at 1325. None of Reyes's claims regarding inconsistencies or bias constitute evidence the testimony was "unbelievable on its face" or contained facts or events that could not have possibly occurred. Based on the testimony, the jury could reasonably conclude Reyes conspired to distribute and possessed with the intent to distribute the methamphetamine charged. Thus, the district court did not err by denying Reyes's motion for judgment of acquittal based on insufficient evidence.

**AFFIRMED**.